WILLIAM G. PRIESTMAN AND KATHRYN E. PRIESTMAN, PLAINTIFFS, v. MILLER BUILT HOMES, INC., A BODY CORPORATE, PHILIP MILLER AND HARRY W. MILLER, DEFENDANTS.

Submitted December 15, 1941—Decided February 6, 1942.

Before Justice HEHER, at the Passaic Circuit.

For the motion, *Reed & Reynolds* and *James H. Bennett.*

HEHER, J. It is my view that an order for discovery does not lie against a corporate judgment debtor under *R. S.* 1937, 2:26-148. The original statute (*Pamph. L.* 1850, *p.* 301; *Rev.* 1877, *p.* 393) was couched in like language; and our court of last resort deemed it "adapted to the case of judgments against natural persons" only. It was pointed

out that the provisions for the appointment of a receiver of the debtor's "property and things in action," and their application to the satisfaction of the judgment debt after the payment of the costs of the proceedings and the receiver's compensation, served to give "a preference to the judgment creditor who invokes" the aid of the statute, while equality among creditors was the outstanding policy of the then current statute relating to insolvent corporations; and that it was not a sufficient answer in this regard to say that corporate "property may be so situated that it cannot be reached by execution, and yet the corporation may not be insolvent," since "a corporation which is a judgment debtor, whose property cannot be reached by execution, would be decreed to be insolvent." *Conner* v. *Todd,* 48 *N. J. L.* 361.

True, the statute was thereafter amended to include corporate entities. That design was evinced by language admitting of no doubt of the purpose. Corporations were expressly comprised in the category of judgment debtors against whom the procedure was invocable. *Pamph. L.* 1893, *p.* 450; *Gen. Stat.* 1895, *p.* 1423; *Comp. Stat.* 1910, *p.* 2249; *Pamph. L.* 1929, *p.* 214. But this specific inclusion was exscinded by the amendment effected by chapter 99 of the Laws of 1933. *Pamph. L., p.* 204. Considered in the light of the historic background, and the policy of the statutes pertaining to insolvent corporations, particularly as respects the rights of creditors of such *inter se* (*R. S.* 1937, 14:14-1, *et seq.*), there would seem to be no significance in the retention of the subsequent clause, "concerning his, its or their property and things in action * * *." The incidental use of the possessive pronoun is not necessarily indicative of the legislative view that the prior express inclusion of corporations in the statutory category constituted mere surplusage. Nor is it fairly inferable that the exclusive purpose was to dispense with the requirement of the return of an execution unsatisfied. That such was the conception of the revisors of the general public laws and of the legislature when the Revision was adopted in 1937, would seem to be demonstrated by the employment of the single pronoun "his," as in the case of the original enactment. In the circumstances, section 1:1-2 of

the Revision does not call for a broader construction, for that interpretative clause has no applicancy where the context evinces a different legislative purpose.

And the duty of making discovery upon oath is not laid upon a particular officer of the corporate judgment debtor. The oath of what officer would satisfy the command made pursuant to the statute? Certainly, none of the officers would be liable to an adjudication of contempt if the corporation failed to obey the order, for the statute does not thus individualize the obligation. Section 2:26-153 is not apposite, since it has reference merely to the testimony of "witnesses" called "by either party * * * concerning the matters involved;" it has no relation to the judgment debtor's compliance with the order to appear and make discovery on oath.

This interpretation is fortified by the provisions specially applicable to corporations. R. S. 2:26-87, 2:26-88. Thereby "Every agent or person having charge or control of any property of a corporation shall, upon request therefor by any officer having for service a writ of execution against it, furnish to such officer * * * a schedule of all its property, including debts due or to become due to it so far as he has knowledge thereof." If "other property" is not found, the execution may be satisfied from "any debts due to the corporation," and the "agent or person having custody of any evidences of such debts shall deliver the same to the officer holding the execution, for the use of the creditor, which delivery, with a transfer in writing to the officer, for the use of the creditor, and notice to the debtor, shall be a valid assignment thereof." It is to be noticed that the duty thus to answer for the corporation is placed upon a particular person.

However, it is said that this is not a satisfactory remedy, since "the schedule to be furnished by the corporate agent need not be verified." But neglect or refusal to comply with the statutory direction subjects such "agent or person" to liability for the payment of the amount due upon the execution—an ample remedy if such neglect or refusal can be established and the defaulting agent is able thus to respond. While this may not be efficacious in all cases, supplying the deficiency

is a matter for the legislature. If the meaning of a statute is clouded in ambiguity, or the remedy provided is deficient, the correctives are exclusively within the competency of the law-making body. It is not of the judicial function to enforce a statute according to some supposed intention not fairly within the legislative expression.

The motion is accordingly denied.

This is a special statutory proceeding, not in the course of the common law, and therefore reviewable on *certiorari*. If such review is desired, the writ may issue.